```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SALVATORE CAMPO,

                    Plaintiff,                    **MEMORANDUM AND ORDER**
                                                  12 CV 1405 (DRH) (SIL)

        -against-

NATIONAL CREDITORS CONNECTION, INC.,
                    Defendant.
-----------------------------------------------------------X

-----------------------------------------------------------X
ALTAFRACIA DIAZ,

                    Plaintiff,                    **MEMORANDUM AND ORDER**
                                                  13 CV 3467 (DRH) (SIL)

        -against-

NATIONAL CREDITORS CONNECTION, INC.,
                    Defendant.
-----------------------------------------------------------X
```

**APPEARANCES:**

**Attorney for Plaintiffs:**
**EDELMAN, COMBS LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603
By:   Cathleen M. Combs, Esq.
      Tiffany N. Hardy, Esq.

**KLEINMAN, LLC**
626 RXR Plaza
Uniondale, NY 11556-0626
By:   Abraham Kleinman, Esq.

**Attorney for Defendant**
**FISHER & PHILLIPS LLP**
430 Mountain Avenue
Murray Hill, NJ 07974
By:   Jason Alex Storipan, Esq.
      Regina A. Petty, Esq.

**HURLEY, Senior District Judge:**

Plaintiffs Salvatore Campo and Altagracia Diaz (collectively "plaintiffs") each commenced actions against National Creditors Connection, Inc. ("NCCI" or "defendant") asserting that NCCI violated 15 U.S.C § 1692, the Fair Debt Collection Practices Act ("FDCPA"). Presently, defendant seeks to consolidate plaintiffs' respective actions, *Campo v. National Creditors Connection, Inc.*, 12-cv-1405 ("*Campo*") and *Diaz v. National Creditors Connection, Inc.*, 13-cv-3567 ("*Diaz*") pursuant to Federal Rule of Civil Procedure ("Rule") 42. For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

*The Campo Complaint*

Campo alleges that defendant has been attempting to collect a residential mortgage loan from plaintiff on behalf of its client Seterus. In August 2011, defendant delivered to plaintiff a letter notifying plaintiff that Seterus "is the servicer of" the loan in question and that Seterus "utilizes [defendant] to facilitate customer contact." The letter "urge[d] [plaintiff] to call Seterus" regarding the loan.

Plaintiff alleges that this letter violated 15 U.S.C. § 1692g which states as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> **(1)** the amount of the debt;
> **(2)** the name of the creditor to whom the debt is owed….

Campo claims that defendant violated this provision because it did not provide to plaintiff the name of the creditor or the amount of the debt in the August 2011 letter or within five days after that letter. Additionally, Campo brings the action on behalf of a class consisting of "(a) all natural persons with a New York address (b) that defendant contacted with a request for information or communications (c) on or after a date one year prior to filing this action [(March 22, 2011)] and (d) on or before a date 20 days after the filing of this action [(April 11, 2012)] (e) to whom defendant did not provide the disclosures described in 15 U.S.C. § 1692g."

*The Diaz Complaint*

Diaz alleges that defendant has been attempting to collect a residential mortgage loan from plaintiff on behalf of its client Residential Credit Solutions. In July 2012, defendant delivered to plaintiff a letter notifying plaintiff that "[i]t is imperative that [she] contact a representative" at Residential Credit Solutions regarding the debt.

Similar to Campo, Diaz claims that the letter violated 15 U.S.C. § 1692g because it failed to provide to plaintiff the name of the creditor and the amount of the debt. Additionally, Diaz brings the action on behalf of a class consisting of "(a) all natural persons with a New York address (b) that defendant contacted with a request for information or communications (c) on or [after] April 12, 2012, and (d) on or before a date 20 days after filing this action [(July 9, 2013)] (e) to whom defendant did not provide the disclosures described in 15 U.S.C. § 1692g."

## DISCUSSION

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions." Fed. R. Civ. P. 42(a)(2). In deciding whether consolidation is appropriate, trial courts are vested with broad but not unfettered discretion. *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284–85 (2d Cir.1990). In exercising its discretion, "a

district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'n Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999). For example, a court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson,* 899 F.2d at 1285 (internal quotation marks and brackets omitted).

Defendant argues that the *Campo* and *Diaz* actions should be consolidated because the cases are "identical" as "[t]he general allegations of wrongdoing are the same, the complaints are mirror images of each other, and the legal issues are the same." (Def.'s Mem. in Supp. at 1.) According to defendant, "[t]he only factual differences between the two lawsuits are the names of the plaintiffs, the client for which NCCI was delivering the letter, and the date of the delivery." (*Id*. at 5-6.) Additionally, defendant asserts that "[p]laintiffs allege that the common legal questions are exactly the same and seek the same type of classes for certification." (*Id*. at 6.) Furthermore, according to defendant, "consolidating the cases will eliminate duplicative discovery and motion practice, and potential administrative fees related to managing a class." (*Id*.) The Court concurs with defendant that the facts alleged and legal issues raised in both actions are virtually the same. Although as plaintiffs point out, *Campo* seeks a class period ranging from March 22, 2011 to April 11, 2012, and *Diaz* seeks a class period ranging from April 12, 2012 to July 9, 2013, the Court sees no reason why this distinction would result in confusion at any stage of the litigation.

Moreover, the Court is not persuaded that consolidation will result in prejudice to the plaintiffs. In response to defendant, plaintiffs argue that consolidation "will adversely affect the

4

substantive rights of the parties in each case." (Pls.' Mem. in Opp'n at 4.) Specifically, plaintiffs assert that consolidation would limit the amount of recovery that each class member could collect pursuant to 15 U.S.C. § 1692k which states that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . [to class members in a class action in] such amount as the court may allow . . . not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." According to plaintiffs, under this provision the *Campo* class and the *Diaz* class should each be entitled to recover 1% of defendant's net worth, but if the Court were to consolidate the cases, the *Campo* and *Diaz* classes [would be forced] to share 1% of the Defendant's net worth." (Pls.' Mem. in Opp'n at 5.) Further, plaintiffs argue that "consolidation could reduce the liability of the Defendant for two separate and distinct violations of the FDCPA." (*Id.*) As defendant points out, however, prejudice will not occur as "consolidation does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." (Def.'s Reply at 1 (citing *Delre v. Perry*, 288 F.R.D. 241, 247 (E.D.N.Y. 2012) (internal quotation marks and citation omitted)).) Moreover, plaintiffs have not provided any support for their position that "[c]onsolidation may allow Defendant to argue that the two cases before the Court are one, capping damages." (Pl.'s Mem. in Opp'n at 6.)

Additionally, the Court finds unavailing plaintiffs' argument that "[c]onsolidating the actions would cause undue delay in the *Campo* case." (*Id.* at 7.) Plaintiffs are correct in that the *Campo* case has progressed further in the discovery stage than the *Diaz* case, however, this does not preclude the Court from ordering consolidation. "[T]he fact that discovery has progressed further in [one action] should not, standing alone, prevent consolidation and may, in fact, even favor it" since where "the two actions share issues of law and fact, much of the discovery" would

5

be applicable to both actions. *Internet Law Library, Inc. v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002). Here, though discovery in the *Campo* action has begun, it has been stayed since October 15, 2013 pending the outcome of this decision. (*See* Order of Magistrate Judge Wall, October 15, 2013.) Moreover, any delay that would result in the *Campo* action is outweighed by the benefits of consolidation such as more efficient motion practice and the ability to conduct a single trial. Furthermore, the Court is not persuaded by plaintiffs' argument that consolidation "would simply provide NCCI an unmerited reason to withhold discovery from Plaintiff Diaz by alleging it was duplicative of discovery provided to Plaintiff Campo" as it is based on speculation. (Pl.'s Mem. in Opp'n at 10.) As a result, the Court finds that consolidation of the *Campo* and *Diaz* actions is appropriate.

## CONCLUSION

For the reasons set forth above, defendant's motion to consolidate the *Campo* and *Diaz* actions is granted.

*SO ORDERED.*

Dated: Central Islip, New York
November 25, 2014

                                                                                   /s/

Denis R. Hurley
Unites States District Judge